# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

DAVID AND DEBORAH CHILDS            )
and WHITNEY COLE,                   )
              Proposed Class        )
              Action Plaintiffs     )        Case No.
    vs.                             )        *2511 of 2021*
                                    )
WESTMORELAND SANITARY               )
LANDFILL LLC,                       )
              Defendant             )


Type of Pleading:
**CLASS ACTION COMPLAINT IN
CIVIL ACTION**

Filed on behalf of:
DAVID AND DEBORAH CHILDS
and WHITNEY COLE,
PLAINTIFFS

Counsel of Record:

James E. DePasquale, Esquire
Pa. I.D. #30223

1302 Grant Building
310 Grant Street
Pittsburgh, PA  15219

(412) 471-1415

FILED IN
PROTHONOTARY'S OFFICE
JUL 0 2 2021
BY _____ CLERK

JAMES E. DE PASQUALE
Attorney ID: 30223
1302 Grant Building • 310 Grant Street
Pittsburgh, PA  15219
T: (412) 471-1415
E: jim.depasquale@verizon.net
*Attorney for the Plaintiffs*

---

DAVID AND DEBORAH CHILDS and
WHITNEY COLE, on behalf of themselves
and all others similarly situated,

IN THE COURT OF COMMON PLEAS
OF WESTMORELAND COUNTY
PENNSYLVANIA

      *Proposed Class*
      *Action Plaintiffs*

Case No.: 2511 of 2021

      vs

**Jury Trial Demanded**

WESTMORELAND SANITARY
LANDFILL LLC

      *Defendant*

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiffs. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyer Referral Service**
**Westmoreland Bar Association**
**100 N Maple Ave**
**Greensburg, PA 15601**
**T: (724) 834-9490**
**lrs.westbar.org**

1

JAMES E. DE PASQUALE
Attorney ID: 30223
1302 Grant Building • 310 Grant Street
Pittsburgh, PA 15219
T: (412) 471-1415
E: jim.depasquale@verizon.net
*Attorney for the Plaintiffs*

---

DAVID AND DEBORAH CHILDS and
WHITNEY COLE, on behalf of themselves
and all others similarly situated,

       *Proposed Class*
       *Action Plaintiffs*

    vs

WESTMORELAND SANITARY
LANDFILL LLC

    *Defendant*

IN THE COURT OF COMMON PLEAS
OF WESTMORELAND COUNTY
PENNSYLVANIA

Case No.: 2511 of 2021

**Jury Trial Demanded**

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    The Plaintiffs bring this class action against Westmoreland Sanitary Landfill LLC (the "**Defendant**") in relation to its ownership and operation of a landfill at 111 Conner Lane, Town of Belle Vernon, County of Westmoreland, Commonwealth of Pennsylvania (the "**Landfill**").

2.    Through the Defendant's operation and maintenance of the Landfill, it wrongfully and tortiously releases substantial and unreasonable noxious orders that invade the Plaintiffs' and putative Class' properties, causing damages through private nuisance, public nuisance, and negligence.

1

## THE PARTIES

3.      Plaintiffs David and Deborah Childs, own and resides at a home located at 810 Crest Drive, City of Monessen, County of Westmoreland, Commonwealth of Pennsylvania.

4.      Plaintiff Whitney Cole, owns and resides at a home located at 12 Penn Drive, City of Monessen, County of Westmoreland, Commonwealth of Pennsylvania.

5.      Defendant Westmoreland Sanitary Landfill LLC is a Delaware corporation with its principal place of business at 111 Conner Lane, Town of Belle Vernon, County of Westmoreland, Commonwealth of Pennsylvania. It owns and/or operates the Landfill.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over the Defendant pursuant to 42 Pa. C.S. § 5301 because the Defendant carries on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania.

7.      This Court has original subject matter jurisdiction over this action pursuant to 42 Pa. C.S. § 931.

8.      Venue is proper under Pa. R.C.P. No. 2179 because the Defendant regularly conducts business in this County and the cause of action arose in this County.

## GENERAL ALLEGATIONS

9.      The Defendant, its predecessors, and/or its agents constructed or directed the construction of the Landfill.

10.     The Defendant exercises ownership and control of the Landfill, which is on a large plot surrounded by residential properties.

11.     The Plaintiffs and the putative Class ("Class" defined below) reside within 1.5 miles of the Landfill property boundary (the "**Class Area**").

12.     The Plaintiffs' and putative Class' properties have been, and continue to be, physically invaded by fugitive noxious odors emitted from the Landfill.

13.     The Landfill accepts, processes, and stores substantial quantities of waste materials including, but not limited to, residential waste, municipal solid waste, construction and demolition debris, and drill cuttings and other fracking refuse.

14.     The materials deposited into the Landfill decompose and generate byproducts, including leachate and landfill gas, which generally consists of hydrogen sulfide, methane, carbon dioxide, and other various compounds. These byproducts can be particularly odorous and offensive when not managed properly, giving off a characteristic "rotten-egg" smell.

15.     A properly designed, operated, and maintained landfill will adequately capture, process, and remove leachate and landfill gas in order to prevent it from escaping into the ambient air as fugitive emissions.

16.     The Defendant is required to control noxious odor emissions by, among other things, operating the Landfill in a manner that adequately captures, controls, and mitigates odor emissions so as to prevent them from escaping into the ambient air surrounding the Landfill, and by implementing other reasonably available odor mitigation, elimination, and control systems at the Landfill.

17.     The Defendant has failed to use adequate odor mitigation strategies, processes, technologies, and equipment to control noxious odor emissions from the Landfill and prevent those odors from invading the homes and properties of the Plaintiffs and putative Class.

18.     The Defendant's failures to prevent off-site emissions include, but are not limited to:

      a) Failing to install, maintain, and operate an adequate landfill gas collection system;

      b) Insufficient monitoring of the Landfill;

3

c) Using inadequate cover and cover practices;

d) Inadequate collection, management, and disposal of leachate;

e) Failing to purchase, possess, and maintain appropriate equipment;

f) Improper and/or excessive processing of construction and demolition waste;

g) Engaging in excavation without adequate erosion or sedimentation controls; and

h) The failure to use other odor mitigation and control techniques that are available.

*Landfill Complaints and Inspections*

19.     The Landfill and its noxious emissions have been the subject of frequent complaints by citizens in the nearby residential area.

20.     Noxious odor emissions from the Landfill have interfered with activities in the surrounding areas, and they have precluded the reasonable use and enjoyment of private and public spaces in those areas.

21.     More than 130 households within the proposed Class Area have contacted Plaintiffs' counsel in relation to noxious odors originating from the Landfill.

22.     Plaintiffs David and Deborah Childs reported that, due to the Landfill odors, "[s]ometimes in spring/summer we can't even enjoy sitting on front porch" and that David has experienced nausea from the odor.

23.     Plaintiff Whitney Cole reported that the odors preclude her from enjoying her yard or the outdoors.

24.     Below is a small sample of what members of the putative Class have conveyed to Plaintiffs' counsel:

a) Putative Class members Bernard and Brenda Veschio reported that the odors emitted from the Landfill "hinder [their] ability to enjoy [their] backyard", including "grilling, swimming, getting together with family".

4

b) Putative Class member Derek Jenkins has indicated that due to the Landfill odors, he "cannot sit on [his] back patio" and "it keeps [him] from having people over due to the smell".

c) Putative Class member Charlie Black reported that, as a result of the noxious Landfill emissions, he "[c]an't have picnics, cookouts, b-day parties, enjoy the hot tub" or "play with his 8 yr. old son in the yard".

d) Putative Class member James Russell said that he and Mrs. Russell are "unable to sit on [their] deck or porch when weather is nice" and that they "cannot enjoy fresh air even at night".

e) Putative Class members David and Barbara Mandarino reported that they "cannot have any activities outside with friends or family because these odors can come at any time. [They] cannot just sit outside and enjoy [their] yard anymore. It is embarrassing to be asked about the rotten smell when friends stop to visit".

25.    The Defendant's well-documented pattern of failing to control the Landfill's offensive emissions is further demonstrated by the following:

a) Numerous resident complaints to the Pennsylvania Department of Environmental Protection (the "**PDEP**"), attributing odor complaints to the Landfill. Those complaints include, but are not limited to:

   i.  On December 12, 2020, a caller reported multiple recent instances of "an overwhelming smell of methane gas".

   ii.  On December 4, 2020, a caller reported that they "came out into [their] yard" and "can't stand it out [there] more than a few minutes to (*sic*) smell so bad. Help us".

   iii.  On November 29, 2020, a caller reported, "I am writing to inform you of the horrible smell coming out of the landfill today… It's not acceptable to myself, my family and all of the residents in and around this landfill that we must continually have to put up with these conditions. Please follow up with me on this matter so that I know that this is not falling upon deaf ears, and that someone is truly concerned about us".

b) Various PDEP investigations of the Landfill revealed, among other things, the following:

5

i.   On November 21, 2018, it was discovered that an initial performance test of rock crushing equipment had not been conducted, as required by the PDEP.

ii.  On July 31, 2019, inadequacies of the leachate collection system were discovered (relating to the berm and trench);

iii. On December 30, 2019, further inadequacies of the leachate collection system were discovered (relating to seeps and erosion gullies), as well as insufficient cover;

iv.  On January 24, 2020, it was determined that the Landfill lacked appropriate erosion and sedimentation controls, and that there was inappropriately exposed waste in several areas;

v.   On April 24, 2020, it was discovered that equipment required for proper Landfill operations was not fully functional (e.g. trucks, compactors, and bulldozers);

vi.  On May 14, 2020, it was determined that daily cover material was not being placed on exposed solid waste;

vii. On June 3, 2020, waste remained uncovered, despite this issue being addressed in the April and May 2020 inspections;

viii. On June 15, 2020, exposed waste remained uncovered and various essential equipment (e.g. trucks, compactors, and bulldozers) were broken-down and not in operation;

ix.  On July 7, 2020, exposed and uncovered waste was still present in multiple locations, and the compactor and bulldozer remained inoperable;

x.   On July 21, 2020, it was discovered that waste unloading and covering was occurring outside approved hours;

xi.  On August 14, 2020, it was determined that the Landfill continued to operate without a functioning compactor or bulldozer, and that exposed and uncovered waste was present throughout the Landfill;

6

xii.   On September 24, 2020, exposed waste remained uncovered throughout the Landfill.

xiii.   The above-referenced deficiencies were violations of the *Solid Waste Management Act*, 35 P.S. § 6018, and Notices of Violations were issued for many of those infractions. Consequently, the Defendant entered into a Consent Order and Agreement with the PDEP on October 7, 2020, which required the Defendant to pay $59,000 in civil penalties.

xiv.   The Defendant also executed a previous Consent Order and Agreement with the PDEP on March 20, 2019 for failing to conduct initial testing of equipment. This related to the November 21, 2018 PDEP inspection and required the Defendant to pay a civil penalty in the amount of $2,000.

c) There have been multiple media reports regarding the Landfill's emission of noxious odors.

26.   The Landfill has emitted, and continues to emit, preventable noxious odors that are flagrant beyond the bounds of its property.

27.   The noxious odors are offensive to the Plaintiffs and putative Class Members and would be offensive to reasonable people of ordinary health and sensibilities.

28.   The noxious odors have caused property damage and substantially interfered with the abilities of the Plaintiffs and the putative Class to reasonably use and enjoy their homes and properties.

29.   The invasion of the Plaintiffs' and putative Class' properties by the noxious odors has reduced the value of those properties.

30.   The Plaintiffs and the putative Class are a limited subset of individuals in Westmoreland County and the Class Area, which includes only owners/occupants and renters of residential properties who live within the Class Area and fit within the Class definition.

31.   Members of the public including, but not limited to, businesses, employees, commuters, tourists, visitors, minors, customers, clients, students, and patients have been harmed

7

by the fugitive noxious odors emitted from the Landfill into public spaces. However, unlike the Plaintiffs and the putative Class, members of the public who are outside of the Class definition have not suffered damages in the form of diminished property values and/or the loss of use and enjoyment of their private property.

32.     The Defendant knew about its substantial noxious odor emissions through numerous complaints, warnings, Notices of Violations, civil penalties, and significant media attention throughout Westmoreland County.

33.     The Defendant intentionally, knowingly, willfully, recklessly, and/or negligently failed to properly construct, maintain, and/or operate the Landfill. The Defendant caused a physical invasion of the Plaintiffs' and putative Class' properties by noxious odors on frequent, intermittent, and reoccurring occasions too numerous to list individually.

34.     The Defendant is vicariously liable for all damages suffered by the Plaintiffs and the putative Class that were caused by the Defendant's employees, representatives, and agents, who, in the course and scope of their employment, created, allowed, or failed to correct the deficiencies which caused noxious odors to physically invade the Plaintiffs' and putative Class' properties.

## CLASS ALLEGATIONS

**A. Definition of the Class**

35.     The Plaintiffs brings this action individually and on behalf of all persons that the Court may determine to be appropriate for class certification, pursuant to 231 Pa. Code § 1700 (the "**Class**" or "**Class Members**"). The Plaintiffs seeks to represent a Class of persons preliminarily defined as:

> **All owners/occupants and renters of residential property within one and a half miles (1.5) of the Landfill property boundary.**

8

The definitional Class boundary is subject to modification as discovery discloses the location of all persons properly included in the Class. The Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such sub-classes are appropriate.

36.     This case is properly maintainable as a class action pursuant to and in accordance with 231 Pa. Code § 1700 in that:

a)  The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

b)  There are substantial questions of law and fact common to the Class, including those set forth in greater particularity herein;

c)  Questions of law and fact, such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d)  The claims of the representative parties are typical of the claims of the Class;

e)  A class action provides a fair and efficient method for adjudication of the controversy;

f)  The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

g)  There are no unusual difficulties foreseen in the management of this class action; and

h)  The Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

**B.  Numerosity**

37.     There are approximately 4,200 separate residences within the Class Area. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

38.     The prosecution of separate lawsuits by Class Members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is, therefore, appropriate.

## C. Commonality

39.     Numerous common questions of law and fact predominate over any individual questions affecting Class Members, including, but not limited to the following:

a)  Whether and how the Defendant wrongfully, intentionally, knowingly, recklessly, and/or negligently failed to maintain and operate the Landfill, causing noxious odors to invade their properties;

b)  Whether the Defendant owed any duties to the Class Members;

c)  Which duties the Defendant owed to the Class Members;

d)  Which steps the Defendant has and has not taken in order to control the emission of noxious odors through the maintenance and operation of the Landfill;

e)  Whether and to what extent the Landfill's noxious odors were dispersed over the Class Area;

f)  Whether it was reasonably foreseeable that the Defendant's failure to properly maintain and operate the Landfill would result in an invasion of the Class Members' property interests;

g)  Whether the degree of harm suffered by the Class Members constitutes a substantial annoyance or interference with their use and enjoyment of their properties; and

h)  The proper measure of damages incurred by the Class Members.

## D. Typicality

40.     The claims of the named Plaintiffs are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence (e.g. expert testimony), rely upon the same legal theories, and seek the same type of relief.

41.    The claims of the named Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failures of the Defendant to properly maintain and operate the Landfill.

42.    All Class Members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted by the Defendant's Landfill. The noxious odors interfere with their ability to use and enjoy their homes and have diminished their property values.

**E.  Adequacy of Representation**

43.    The Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by the Plaintiffs as representatives of the Class. The Plaintiffs will fairly and adequately represent the interests of the Class and they do not have interests adverse to the Class.

44.    The Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions involving environmental concerns, including the emission of noxious odors. Plaintiffs' counsel will vigorously prosecute this action, and will otherwise protect and fairly and adequately represent the Plaintiffs and all absent Class Members.

**F.  Class Treatment Is The Superior Method of Adjudication**

45.    A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a) Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b) Individual claims by Class Members would create a risk of inconsistent or varying adjudications, which would present the Defendant with incompatible standards of conduct;

c) Individual claims by individual Class Members would create a risk of adjudications which would, as a practical matter, be dispositive of the interests

11

of other individuals who are not parties to the adjudications, or substantially impair or impede their ability to protect and pursue their interests;

d) Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

e) In view of the complexity of the issues and the expenses of litigation, the separate claims of individual Class Members are likely insufficient in amount to support the costs of filing and litigating separate actions;

f) The Plaintiffs seek equitable relief relating to the Defendant's common actions and failures to act, and the equitable relief sought would commonly benefit the Class as a whole;

g) Litigating these claims in one action will achieve efficiency and promote judicial economy; and

h) The proposed class action is manageable.

46.    Notice can be provided to Class Members by U.S. Mail and/or publication.

## CAUSE OF ACTION I
### PRIVATE NUISANCE

47.    The Plaintiffs restate all allegations of this Complaint as if fully restated herein.

48.    The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

49.    The noxious odors which entered the Plaintiffs' and Class' properties originated from the Landfill, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendant.

50.    The noxious odors invading the Plaintiffs' and Class' properties are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their

properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes but is not limited to:

      a)  Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

      b)  Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

      c)  Depriving the Plaintiffs and Class Members of the value of their homes and properties;

      d)  Causing the Plaintiffs and Class Members embarrassment, inconvenience, and discomfort including, but not limited to, creating a reluctance to invite guests to their homes and preventing the Plaintiffs and Class Members from utilizing the outdoor areas of their respective properties.

51.    The Plaintiffs' and Class' properties are situated in such proximity to the Defendant's Landfill as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of noxious odors emitted from the Landfill.

52.    By constructing and then failing to reasonably repair, maintain, and operate the Landfill, thereby causing noxious odors to physically invade the Plaintiffs' and Class' properties, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with the Plaintiffs' and Class' properties.

53.    As a foreseeable, direct, and proximate result of the forgoing misconduct of the Defendant, the Plaintiffs and the Class suffered damages to their properties as alleged herein.

54.    The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing and which constitutes a nuisance.

55.    Any social utility that is provided by the Landfill is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of

the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

56.     The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class' use and enjoyment of their properties constitutes a private nuisance. The Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION II
### PUBLIC NUISANCE

57.     The Plaintiffs restate all allegations of this Complaint as if fully restated herein.

58.     The Plaintiffs and Class utilize their properties as residences and reside within the Class Area.

59.     The noxious odors which entered the Plaintiffs' and Class' properties originated from the Landfill, which is in close proximity to the Class Area.

60.     The unreasonable noxious odors emitted by the Defendant's Landfill have been, and continue to be, dispersed across public and private land throughout the Class Area.

61.     The Defendant's noxious odors have interfered with the public's right to unpolluted and uncontaminated air.

62.     By failing to reasonably design, operate, repair, and maintain the Landfill, the Defendant has caused an invasion of the Plaintiffs' and Class' properties by noxious odors on frequent occasions that are too numerous to individually list herein.

63.     The noxious odors invading the Plaintiffs' and Class' properties are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of the Plaintiffs' and Class' properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes, but is not limited to:

a) Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b) Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

c) Depriving the Plaintiffs and Class Members of the value of their homes and properties; and

d) Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

64.     As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, the Plaintiffs and the Class have suffered special damages to their properties as alleged herein.

65.     The damages suffered by the Plaintiffs and Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their lands and properties, and decreased property values, which are not harms suffered by the general public.

66.     The general public is also impacted by the Landfill's odors. Many members of the general public are impacted by the odors when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values.

67.     The repeated, substantial, and unreasonable interferences with public and private rights has been documented by the PDEP, and citations have been issued for violations of applicable Pennsylvania laws and regulations.

68.     The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing and which constitutes a nuisance.

69.     By failing to reasonably operate, repair, and/or maintain the Landfill so as to abate nuisances such as noxious odor emissions, the Defendant has acted, and continues to act,

15

intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

70.    The Plaintiffs and Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

71.    Any social utility that is provided by the Landfill is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

72.    The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class' use and enjoyment of their properties arises from a public nuisance, from which the Plaintiffs and Class Members have uniquely suffered. The Defendant is liable to the Plaintiffs and Class Members for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION III
### NEGLIGENCE

73.    The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

74.    The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to operate and maintain the Landfill in a reasonable manner and to reasonably prevent fugitive emissions of noxious gases and odors from the Landfill.

75.    The Defendant breached its duties by negligently and improperly maintaining and operating the Landfill, which was the direct and proximate cause of the invasion by noxious odors upon the Plaintiffs' and Class' homes, lands, and properties on occasions too numerous to list individually.

76.     Such invasions by noxious odors was the foreseeable result of the foregoing conduct of the Defendant, and the Plaintiffs and Class suffered damages to their properties as alleged herein. Such damages include, but are not limited to, the loss of use and enjoyment of their properties and the diminution of property values.

77.     By failing to properly maintain and operate the Landfill, the Defendant failed to exercise the duty of ordinary care and diligence.

78.     The Defendant knowingly, recklessly, and with a conscious disregard for the rights of the Plaintiffs and Class allowed conditions to exist and perpetuate, which caused noxious odors to physically invade the Plaintiffs' and Class' properties.

79.     The Defendant's negligence was committed with a conscious indifference to the harm caused to the Plaintiffs' and Class' properties, which entitles the Plaintiffs and Class to an award for compensatory, injunctive, exemplary, and/or punitive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.  Certification of the proposed Class by order pursuant to 231 Pa. Code § 1700;

B.  Designation of the Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C.  Judgment in favor of the Plaintiffs and the Class Members as against the Defendant;

D.  An award to the Plaintiffs and the Class Members for compensatory and punitive damages, including pre- and post-judgement interest;

E.  An award of attorneys' fees and costs, including pre- and post-judgement interest;

F.  An Order holding that the entrance of the aforementioned noxious odors upon the Plaintiffs' and Class' properties constituted a nuisance;

G. An Order holding that the Defendant was negligent in causing noxious odors to repeatedly invade and interfere with the Plaintiffs' and Class' private residential properties;

H. An award to the Plaintiffs and the Class Members for injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and

I. Such further relief, both general and specific, that this Honorable Court deems just and proper.

## JURY DEMAND

The Plaintiffs respectfully demands a trial by jury on all issues raised in this Complaint.

Date: June 30, 2021

Respectfully submitted:

s/ James E. De Pasquale

James E. De Pasquale
Attorney ID: 30223
1302 Grant Building • 310 Grant Street
Pittsburgh, PA  15219
T: (412) 471-1415
E: jim.depasquale@verizon.net

*Attorney for the Plaintiffs*

Steven D. Liddle*
Nicholas A. Coulson*
Lance Spitzig*
*Pro Hac Vice Applications to be Submitted
**LIDDLE & DUBIN PC**
975 E. Jefferson Avenue
Detroit, MI  48207-3101
T: (313) 392-0015
F: (313) 392-0025
E: sliddle@ldclassaction.com
E: ncoulson@ldclassaction.com
E: lspitzig@ldclassaction.com

*Attorneys for Plaintiffs & the Putative Class*

18

## <u>VERIFICATION</u>

The undersigned having read the attached pleading, verified that within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that signer has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the pleading are not that of signer, signer has relied upon counsel in making this Verification. This Verification is made subject to the penalties of 18 *Pa.C.S.* § 4904 relating to unsworn falsification to authorities.


Date: 6-24-21

David Childs


Date: 6-24-21

Deborah Childs

## <u>VERIFICATION</u>

     The undersigned having read the attached pleading, verified that within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that signer has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the pleading are not that of signer, signer has relied upon counsel in making this Verification. This Verification is made subject to the penalties of 18 *Pa.C.S.* § 4904 relating to unsworn falsification to authorities.

Date: __6 · 23 · 2K 21__               Whitney Cole

20

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: James E. DelГasquale

Signature: _James DelГasquale_

Name: James E. DelГasquale

Attorney No. (if applicable): 30223

Rev. 09/2017

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_Westmoreland_ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

Lead Plaintiff's Name: _David Childs_

Lead Defendant's Name: _Westmoreland Sanitary Landfill LLC_

**Are money damages requested?** [X] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits

**Is this a *Class Action Suit*?** [X] Yes [ ] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: _James E. DePasquale   No. 30223_

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [X] Other: _Noxious Odors_

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

001

**JAMES ALBERT, SHERIFF OF WESTMORELAND COUNTY**
**2 NORTH MAIN STREET**
**GREENSBURG, PA 15601**
**PHONE: 724-830-3457   FAX: 724-830-3808**

7/12/2021 MH

(Prepare a separate affidavit form for each defendant to be served by the Sheriff)

Date: 7-9-21

Last Day to Serve: August 1, 2021

Case Number: 2511 of 2021

Plaintiff: David and Deborah Childs and Whitney Cole

vs

Attorney's or Plaintiff's Name and address
James E. DePasquale
1302 Grant Bldg, 310 Grant Street
Pittsburgh PA 15219
Phone: 412-471-1415

Deft(s): Westmoreland Sanitary Landfill LLC

Serve: Westmoreland Sanitary Landfill LLC
Address: 11 Conner Lane
Belle Vernon, PA 15012

| | | |
|---|---|---|
| X Complaint/Summons | | Revival/SCI FA |
| Seizure/Possession | | Handbill |
| Writ of Execution Garnishee | | Notice of Sale |
| Interrogatories | | Deputized Service |
| Letter Mailed _____ | | Other: |

Indicate type of service: ☐ Personal ☒ Person in Charge ☐ Deputized ☐ POST ☐ Other_____

**SHERIFF'S OFFICE USE ONLY**

I hereby certify and return that on the 19th day of July, 2021, at 935 o'clock a.m./p.m. address above/address below, County of Westmoreland Pennsylvania I have served in the manner described below:

☐ Defendant(s) personally served _____
☐ Adult in charge of Residence - Name: _____ Relationship: _____
☒ Manager authorized to accept - Name Christina Murtaugh Title: Manager
☐ Posted: _____
Defendant Not Found: ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other: _____
Attempts: _____ / _____ / _____
Deputy's Remarks:

Deputy Signature: _____ S-28

| Advanced monies | West'd Sheriff's Cost | Deputized Co | TOTAL COSTS | Refund | Add Amount Owed |
|---|---|---|---|---|---|
| $ 175 | $ | $ | $ 73.50 | $ 101.50 | $ |

NOW: _____ 20__ I, SHERIFF OF WESTMORELAND COUNTY, PA do hereby deputize the Sheriff of
_____ County to execute this Writ and make return thereof according to law.
Deputized Cty Ck #_____ Advanced Amt $ _____

_____
Sheriff

| AFFIRMED and subscribed to before me this | Deputized Sheriff | Date |
|---|---|---|
| _____ day of _____ 20__ | James albert 1H5 | 7-19-21 |
| Notary Public/ Prothonotary | Signature of Sheriff (Westmoreland Co) | Date |

PROTHONOTARY (WHITE)      ATTORNEY (YELLOW)      SHERIFF (PINK)