IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CHILDS, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 21-1100 |
| v. | ) Judge Cathy Bissoon |
| WESTMORELAND SANITARY LANDFILL LLC, | ) |
| Defendant. | ) |

## ORDER

Defendant's Motion to Dismiss (Doc. 5) will be denied.

Defendant has not demonstrated entitlement to dismissal of Plaintiffs' negligence claim. The Court respectfully declines to adopt the reasoning in *Lloyd*,[1] which, in the undersigned's view, reads too much into the Court of Appeals for the Third Circuit's footnote in Baptiste v. Bethlehem Landfill Co., 965 F.3d 214, 229 n.12 (3d Cir. 2020). The *Baptiste* Court held that allegations of "landfill gas" and other hazardous contaminants having physically invaded the plaintiffs' property may be sufficient at the 12(b) stage; it remanded the issue; and, on remand, the district court in *Baptiste* summarily rejected arguments materially analogous to the ones presented here. *See* Doc. 48 in Civil Action No. 5:18-cv-02691-CFK (E.D. Pa. Sept. 15, 2020). The developments in *Baptiste* appear the best indicator in this evolving area of the law, and Defendant's Motion to Dismiss is denied regarding negligence.

---

[1] Lloyd v. Covanta Plymouth Renewable Energy, LLC, 517 F.Supp.3d 328 (E.D. Pa. Feb. 3, 2021).

Next is the challenge to punitive damages. Plaintiffs have made sufficient allegations at this early stage in the proceedings. *See* Compl. (Doc. 1-3) at ¶¶ 24, 25 & 32. While courts will dismiss claims for punitive damages when the allegations are conclusory or clearly deficient, this is not one of those cases. Adjudication properly should be reserved until after discovery. *See generally, e.g.*, Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc., 449 F.Supp.3d 449, 468-69 (D. N.J. 2020) (declining to dismiss claim for punitive damages, because "[i]t is inappropriate for the [c]ourt to wade into factual issues, such as the measure of [the p]laintiffs' damages, on a motion to dismiss") (citation to quoted source omitted); In re Valsartan, Losartan & Irbesartan Prods. Liab. Litig., 2020 WL 8970347, *11-13 (D. N.J. Mar. 12, 2020) (plausibility standard applies to substantive allegations of liability, not the types of recovery available, including punitive damages; and the latter may present "fact-specific inquir[ies] requiring examination of [a defendant's] intent and knowledge," which are not appropriately resolved at the 12(b) stage) (citation to quoted and other sources omitted).

Finally, for essentially the same reasons as stated in Plaintiffs' opposition (Doc. 16, at pgs. 10-11), dismissal of the claim for injunctive relief is denied. Defendant has not cited controlling precedent regarding the specific claims and issues presented. And, as Plaintiffs' counsel highlights, the *Lloyd* decision (upon which Defendant has relied regarding negligence) rejected a similar contention. *Id.*, 517 F.Supp.3d at 334 ("there is nothing before this court to support abstention in favor of granting primary jurisdiction").

For these reasons, Defendant's Motion to Dismiss (**Doc. 5**) is **DENIED**.

IT IS SO ORDERED.

June 9, 2022                                             s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record